UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| David Troyer,<br><br>                Plaintiff,<br><br>v.<br><br>Liberty Mutual Insurance Company, et al.,<br><br>                Defendants. | Case No. 2:19-cv-01056-APG-DJA<br><br>**Order** |

After this Court granted Plaintiff's motion for sanctions following delays in scheduling depositions, Plaintiff moved to extend discovery to conduct outstanding depositions and expert discovery.  (ECF No. 42).  Defendants opposed.  (ECF No. 44).  Because the Court finds good cause to grant the extension—excluding the deadline to amend pleadings or add parties—it grants the motion in part.  The Court finds this matter properly resolved without a hearing.  LR 78-1.

**I.    Background.**

Plaintiff seeks to reopen all discovery deadlines.  (ECF No. 42 at 4-5).  The discovery deadlines were previously as follows (ECF No. 32):

| | |
|---|---|
| **Amend pleadings and add parties:** | November 6, 2019 (closed) |
| **Expert disclosures:** | August 30, 2021 |
| **Rebuttal expert disclosures:** | September 29, 2021 |
| **Close of discovery:** | October 25, 2021 |
| **Dispositive motion deadline:** | November 24, 2021 |
| **Pretrial order:** | December 24, 2021 |

However, on August 26, 2021, Plaintiff moved for sanctions following Defendants' non-appearances for depositions.  (ECF No. 33).  The Court granted this motion on October 25, 2021 and ordered Defendants to coordinate the depositions they had missed.  (ECF No. 38).  Plaintiff moved to extend time a few weeks later, on November 12, 2021.  (ECF No. 42).  In that motion, Plaintiff proposed an entirely reopened discovery schedule (*Id.* at 4-5):

| | |
|---|---|
| **Amend pleadings and add parties:** | January 24, 2022 |
| **Expert disclosures:** | February 25, 2022 |
| **Rebuttal expert disclosures:** | March 25, 2022 |
| **Close of discovery:** | April 22, 2022 |
| **Dispositive motion deadline:** | May 20, 2022 |
| **Pretrial order:** | June 17, 2022 |

Defendants object with three unmeritorious arguments and one meritorious one. (ECF No. 44). The unmeritorious ones include: (1) that Plaintiff failed to disclose the previous stipulated extensions (Plaintiff did disclose this); (2) that Plaintiff has not explained why he has not produced an expert report for almost two years (Plaintiff did, pointing out that he needed transcripts from the depositions that Defendants missed for his expert to provide a report); and (3) that Plaintiff is now attempting to depose a new witness, George Romano (the emails Defendants attach to their own motion show that Plaintiff had sought a deposition with Romano since at least August 3, 2021 (ECF No. 44-1 at 30)). The one meritorious argument is that Plaintiff has not explained why a full reopening of discovery is necessary. (ECF No. 44 at 3).

Plaintiff replies to debunk Defendants' arguments as untrue. (ECF No. 46). Plaintiff does not, however, explain why it is necessary to reopen discovery entirely. The Court thus grants Plaintiff's motion in part, excluding the deadline to amend pleadings or add parties.

**II.     Discussion.**

A motion to extend a date set by a discovery plan must be supported by good cause. *See* LR 26-3. The good cause standard primarily considers the diligence of the party seeking the extension. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 699 (9th Cir. 1992). A request to extend a deadline made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. LR 26-3.

Here, Plaintiff has demonstrated good cause to extend the expert disclosure deadline, the rebuttal expert disclosure deadline, the close of discovery, the dispositive motion deadline, and the pretrial order deadline. Plaintiff has not, however, demonstrated good cause or excusable neglect to extend the deadline to amend pleadings or add parties, which closed over two years ago. The difficulties Plaintiff faced in scheduling depositions began around August 2021, shortly

before the expert disclosure deadline of August 30, 2021.  Because Plaintiff asserts that he needed deposition transcripts for his expert to prepare a report, it is reasonable that Plaintiff would need to extend discovery deadlines beginning with the expert disclosure deadline.  However, Plaintiff offers no explanation why the Court should reopen the deadline to amend pleadings or add parties.  This deadline closed over two years ago and the parties did not seek to extend it in previous stipulations.  The Court thus grants Plaintiff's motion to extend in part, excluding the deadline to amend pleadings or add parties.

This case has been ongoing for a long time.  Further attempts to extend deadlines will be closely scrutinized.  It is also apparent that communication is an issue between the parties.  The parties are thus directed to meet and confer in compliance with LR 26-6(c) before filing any future discovery motions.

**IT IS THEREFORE ORDERED** that Defendant's motion to extend discovery (ECF No. 42) is **granted in part**.  The following dates shall govern discovery:

| | |
|---|---|
| Expert disclosures: | February 25, 2022 |
| Rebuttal expert disclosures: | March 25, 2022 |
| Discovery cutoff: | April 22, 2022 |
| Dispositive motions: | May 20, 2022 |
| Joint pretrial order:[1] | June 17, 2022 |

DATED: December 13, 2021.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.  LR 26-1(b)(5).